UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KYE T. HARDISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID RUFFENACH,<br><br>　　　　Defendant.<br><br>and,<br><br>KYE T. HARDISON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID RUFFENACH, et al.,<br><br>　　　　Defendants. | Civil Action<br>No. 22-5423 (CPO) (SAK)<br>No. 22-5851 (CPO) (SAK)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Before the Court are two of Plaintiff's Complaints raising claims under 42 U.S.C. § 1983. (Civ. No. 22-5423, ECF No. 1; Civ. No. 22-5851 ECF No. 1.) For the reasons stated below, the Court will dismiss the Complaints without prejudice.

## I.   BACKGROUND[1]

Plaintiff is a state detainee at the Atlantic County Justice Facility. In his first Complaint, Civ. No. 22-5423, Plaintiff named Assistant Prosecutor David Ruffenach as the sole Defendant in

---

[1] The Court will accept as true the factual allegations in the Complaints for the purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

that matter. According to Plaintiff, there was a hung jury after his first state criminal trial, and the state court declared a mistrial on or about May 17, 2022. (Civ. No. 22-5423, ECF No. 1, at 4.) The Complaint does not identify the criminal charge or charges at issue. (*Id*. at 4–5.)

The Court gleans from the limited allegations that Plaintiff takes issue with Defendant Ruffenach's decision to retry him "without new evidence [just] because he thinks and believes" that Plaintiff committed a crime. (*Id*. at 4.) It also appears that Defendant Ruffenach successfully opposed Plaintiff's renewed request for bail, despite Plaintiff's "cancer and surgery for [his] pacemaker." (*Id*.) Plaintiff argues that these actions violated his rights under the Fifth, Sixth, and Eighth Amendments, and constitute double jeopardy and malicious prosecution. (*Id*.) The Complaint offers no further elaboration. Plaintiff filed his first Complaint in September of 2022. In terms of relief, Plaintiff seeks only injunctive relief, seeking to enjoin Defendant Ruffenach from pursuing the State's criminal case against him. (*Id*. at 5.)

Plaintiff filed his second Complaint in October of 2022. In his second Complaint, Civ. No. 22-5851, Plaintiff sues Defendant Ruffenach, as well as the state court judge in his criminal case, Judge Todd E. Miller. In this Complaint, Plaintiff takes issue with Defendant Ruffenach's decision to oppose Plaintiff's request to postpone trial for one day, due to Plaintiff's illness. (Civ. No. 22-5851, ECF No. 1, at 5.) Judge Miller denied Plaintiff's motion to postpone and, in his absence, swore in the jury, held opening arguments, and brought in several witnesses. (*Id*. at 5–6.) Plaintiff also complains of Defendant Ruffenach's decision to oppose Plaintiff calling a certain witness, and Judge Miller's decision to deny Plaintiff's request to call that witness. (*Id*. at 6.) It appears that Plaintiff was convicted as a result of the second trial and is now awaiting sentencing. (*Id*. at 2.) Once again, Plaintiff did not identify the charges against him.

Plaintiff contends that the actions above violated his rights under the Fifth, Sixth, and Fourteenth Amendments. (*Id.*)  In terms of relief, Plaintiff once again seeks only injunctive relief, asking the Court to enjoin Defendants from continuing with the state criminal proceedings.

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis* and in which a plaintiff sues "a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a).  District courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).  When considering a dismissal for failure to state a claim on which relief can be granted, courts apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Consequently, to survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In addition to these pleading rules, a complaint must satisfy Federal Rule of Civil Procedure 8(a), which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim

3

>needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

"Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a 'short and plain' statement of a cause of action." *Johnson v. Koehler*, No. 18-00807, 2019 WL 1231679, at *3 (M.D. Pa. Mar. 15, 2019). Stated differently, Rule 8 requires a showing that the plaintiff is entitled to relief in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

### III.  DISCUSSION

In his Complaints, Plaintiff seeks to have this Court interfere with his ongoing state criminal proceedings, by enjoining Defendants from continuing those proceedings. As a result, the Court must decide whether to abstain from hearing Plaintiff's claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Although a federal court has the general obligation to hear and decide cases before it, under the *Younger* abstention doctrine, a court must abstain from hearing cases that would "threaten[ ] to interfere with . . . state criminal prosecutions," and other types of state proceedings. *ACRA Turf Club, LLC v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014); *Ivy Club v. Edwards*, 943 F.2d 270, 278 (3d Cir. 1991). In other words, the *Younger* doctrine is an exception to the general rule that district courts must hear all cases over which they have jurisdiction, "when certain types of state proceedings are ongoing at the time a federal case is commenced." *PDX N., Inc. v. Comm'r N.J. Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020). "Abstention in such cases serves a dual purpose – it promotes a 'proper respect for state functions' including abstaining from interfering in ongoing judicial proceedings, and it restrains equity jurisdiction from operating when

4

state courts provide an adequate forum for litigating constitutional issues." *E.g.*, *Douglas v. Palermo*, No. 22-4937, 2022 WL 3535986, at *2 (D.N.J. Aug. 18, 2022) (quoting *PDX*, 978 F.3d at 882).

If a court determines that a complaint would interfere with a state criminal prosecution, the court must then decide whether to apply *Younger* abstention. *Malhan v. U.S. Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019). In making that determination, a court must consider: "(1) whether there are 'ongoing judicial proceeding[s]'; (2) whether those 'proceedings implicate important state interests'; and (3) whether there is 'an adequate opportunity in the state proceeding to raise constitutional challenges.'" *PDX*, 978 F.3d at 883 (alteration in original) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If a federal court finds that a complaint meets the above requirements, a court should still decline to abstain in cases where the irreparable injury is both great and immediate, "where there is clear evidence that a criminal case is being undertaken in bad faith and without probable cause, or in exceedingly rare cases involving exceptional circumstances such as prosecution under a 'flagrantly unconstitutional statute.'" *Douglas*, 2022 WL 3535986, at *3 (quoting *Jaffery v. Atl. Cnty. Prosecutor's Office*, 695 F. App'x 38, 40 (3d Cir. 2017)); *see also Williams v. Gov't of the V.I. Bd. of Med. Exam'rs*, 360 F. App'x 297, 299 (3d Cir. 2010). In this context, a plaintiff must generally demonstrate bad faith by showing that a defendant has pursued the prosecution "without a reasonable expectation of obtaining a valid conviction." *Jaffery*, 695 F. App'x at 41.

Applying those principles here, Plaintiff is subject to ongoing state criminal proceedings, and seeks to have this Court directly interfere with those proceedings. As to the second element, the state criminal proceedings "clearly implicate an important state interest[,] the state's interest in enforcing its criminal statutes." *Douglas*, 2022 WL 3535986, at *3; *see also Duran v. Weeks*,

5

399 F. App'x 756, 758–59 (3d Cir. 2010) (holding that state criminal proceedings "implicate the State of New Jersey's important interest in bringing to justice those who violate its criminal laws").

Finally, Plaintiff has a multitude of opportunities to challenge the constitutionality of Defendants' actions in the state courts. *Douglas*, 2022 WL 3535986, at *3; *see Jaffery*, 695 F. App'x at 41 ("Jaffery has not shown the state court is 'incapable of fairly and fully adjudicating the federal issues,' . . . as most of the charges against Jaffery have not been tried, nor has Jaffery exhausted his state rights of appeal." (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). For example, Plaintiff could have filed motions for reconsideration to challenge Judge Miller's rulings or filed an appeal with the Appellate Division regarding those decisions. Similarly, Plaintiff could have raised his double jeopardy claims by filing a motion to dismiss before the trial court, or an appeal with Appellate Division.

Taken together, each of Plaintiff's Complaints satisfies all three elements to apply *Younger* abstention. *PDX*, 978 F.3d at 883. With regard to the exceptions, Plaintiff has failed to demonstrate bad faith or that other exceptional circumstances apply. Although Plaintiff accuses Defendants of improper actions, his allegations do not meet the standard for bad faith, which generally requires a showing that Defendants had no "reasonable expectation of obtaining a valid conviction," and pursued the case without probably cause. *Jaffery*, 695 F. App'x at 41. Plaintiff cannot meet this standard because a jury did in fact convict him after the second trial. (Civ. No. 22-5851, ECF No. 1, at 2.) As a result, Defendant Ruffenach was correct in his belief that he could obtain a valid conviction, and the jury's verdict confirms that there was probable cause that Plaintiff committed a crime. *United States v. Mechanik*, 475 U.S. 66, 70 (1986) ("[T]he petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt.").

Additionally, the allegations that Defendant Ruffenach retried Plaintiff without new evidence, that Defendant Ruffenach opposed Plaintiff's requests, or that Judge Miller ruled against him, do not suggest that these Defendants acted with any other type of bad faith. *Jaffery*, 695 F. App'x at 41 (discussing other types of bad faith such as a prosecution based on a suspect class, for retaliation of a defendant's exercise of constitutional rights, or for the purpose of harassment through unjustified and oppressive multiple prosecutions). Plaintiff simply contends that some of Judge Miller's decisions were erroneous, but even if they were erroneous, they are not automatically the result of bad faith. (Civ. No. 22-5851 ECF No. 1, at 5–6.)

As to Defendant Ruffenach, Plaintiff complains that it was improper to retry him "without new evidence [just] because he thinks and believes" that Plaintiff committed a crime. (Civ. No. 22-5423, ECF No. 1, at 4.) A prosecutor, however, may retry a defendant after a mistrial precisely for those reasons, and there is no requirement that there be new evidence. With regard to Defendant Ruffenach opposing Plaintiff's various requests, it appears that Plaintiff merely disagrees with his adversary's legal positions. (Civ. No. 22-5423, ECF No. 1, at 4; Civ. No. 22-5851 ECF No. 1, at 5–6.) For all those reasons, *Younger* applies, and Plaintiff's allegations fail to demonstrate that his cases fall under any of the exceptions. Accordingly, the Court must abstain from hearing Plaintiff's claims and will dismiss the Complaints without prejudice at this time.[2]

---

[2] Ordinarily, Plaintiff could refile his claims after his state criminal proceedings have concluded. However, because the only relief he seeks are injunctions to stop those proceedings, the conclusion of those proceedings would render his claims moot.

## IV. CONCLUSION

For the reasons set forth above, the Court will dismiss Plaintiff's Complaints without prejudice. Appropriate Orders follow.

Dated: February 16, 2023

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**
